**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | |
|---|---|
| **ANTHONY DEWAYNE HORN** § | |
| **(No. 630920)** § | |
|     **Plaintiff,** § | |
| § | **CIVIL ACTION NO: 7:13-CV-010–O-KA** |
| **V** § | |
| § | |
| § | |
| **RICHARD HARTWELL, et al** § | |
| § | |
|     **Defendants.** § | |

## REPORT AND RECOMMENDATION

Plaintiff Anthony Dewayne Horn brings this action pursuant to 21 U.S.C. §1983, seeking relief from another inmate, a correction officer, and the prison chaplain for their alleged interference with his participation in worship activities of his Muslim religion. Under the authority of 28 U.S.C. § 636(b) this case was referred to the undersigned United States Magistrate Judge by Order of Reference (Docket No. 9) for hearing, if necessary, and proposed findings of fact and recommendation for disposition. Exercising my responsibility under 28 U.S.C. §1915(e)(2)(B)(ii), I recommend that the District Court dismiss Petitioner's complaint for the following reason:

By his complaint, Horn seeks only injunctive and prospective relief. Specifically, Horn seeks "Some type of mandate to be posted that no one can use religion as a form of punishment. Hartwell and Adams to be suspended without pay for 12 days and share the cost of my court fees. Etchison, not to be allowed to hold a post or position in the Islamic congregation at the Allred unit."

Defendants Adams and Hartwell aver in their answer to Horn's complaint[1] that Horn was released from Texas Department of Criminal Justice custody on March 31, 2014. Court staff telephone contact with the Texas Department of Criminal Justice, Records division, confirms that

---

[1]     Docket No. 15.

Anthony Horn, TDCJ number 630920, was released on parole from the TDCJ-Huntsville Unit on March 3, 2014. This Court may take judicial notice of the public records of this State agency. *See* Fed. R. Evid. 201(b)(2) and (c)(1).

In *Williams v. Lara*, 52 S.W. 3d 171, 184 (Tex. 2000), the Texas Supreme Court analyzed Federal case authority regarding standing of two county jail prisoners who were seeking prospective relief from an allegedly unconstitutional activity in the county jail after the prisoners had been released. Finding that the release of the prisoners rendered their claims for prospective release ***moot***, the court reasoned that:

> "[ for] a plaintiff to have standing, a controversy must exist between the parties at every stage of the legal proceedings, including the appeal. See United States v. Munsingwear, Inc., 340 U.S. 36, 39, 71 S.Ct. 104, 95 L.Ed. 36 (1950). If a controversy ceases to exist—"the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome"—the case becomes moot. Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982); see also O'Shea v. Littleton, 414 U.S. 488, 495–96, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects."). If a case becomes moot, the parties lose standing to maintain their claims. See generally City of Los Angeles v. Lyons, 461 U.S. 95, 105–06, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); Murphy, 455 U.S. at 481, 102 S.Ct. 1181. Because Lara and Huff have been released from jail, they lack a legally cognizable interest in obtaining injunctive or declaratory relief. They no longer face the unconstitutional conduct about which they complain, and thus any prospective relief we might grant cannot help them. Lara's and Huff's claims for injunctive and declaratory relief are therefore moot."

This holding is in line with a line of 11th Circuit cases beginning with *Smith v. Allen*, 502 F.3d 1255 (11th Cir. 2007) wherein the Court held:

> "The general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief. McKinnon, 745 F.2d at 1363; Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir.1986) ( per curiam). The reason for this rule is that injunctive relief is "a prospective remedy, intended to prevent future injuries," Adler, 112 F.3d at 1477, and, as a result, once the prisoner has been released, the court lacks the ability to grant injunctive relief and correct the conditions of which the prisoner complained. See, e.g., Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir.1985) ( per curiam) (stating that a prisoner's past exposure to sub-par conditions in a prison "does not constitute a present case or controversy involving injunctive relief"). pp. 1266-67.

Now that Horn has been released from TDCJ's custody, he is no longer faced with any

interference with his practice of his Islamic faith. No one can now bar him from a Ramadan list or from any acts of worship. He no longer has a stake in rules regarding the Ramadan list or any other rules regarding the Islamic religious practices or worship at the prison, or by whom or how they are enforced. He lacks any justiciable interest in the discipline of Defendants Adams and Hartwell.  A plaintiff who is seeking recovery for the injury allegedly suffered by another inmate has no standing to do so.  *Warth v. Seldin*, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205 (1975);  *O'Hair v. White*, 675 F.2d 680, 687 (5th Cir. 1982).

Now that Horn lacks standing to pursue any claim for the prospective relief he seeks, I recommend to the District Court that Horn's complaint be dismissed as moot.

<u>Standard Instruction to Litigants</u>

A copy of this report containing findings and recommendations shall be served on all parties in the manner provided by law.  Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

It is so ORDERED, this 17th day of June, 2014.

_Robert K. Roach_
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE